UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. MARTIN,<br><br>           Petitioner,<br>v.<br><br>TILTON, et al.,<br><br>           Respondents. | Civil No.07cv1022-W(NLS)<br><br>**REPORT AND RECOMMENDATION RE: DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

David W. Martin ("Petitioner") is a California prisoner serving an indeterminate sentence of twenty-five years to life for murder. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner does not challenge the validity of his underlying conviction or sentence, but instead argues that the result of an October 23, 2005 disciplinary proceeding finding him guilty of a serious rules violation was obtained in violation of his due process rights [Doc. No. 1]. This Court has reviewed the Petition, Respondent's Answer, Petitioner's Traverse, and all supporting documents. After a thorough review of the record, the Court finds that Petitioner is not entitled to the relief requested, and accordingly **RECOMMENDS** that the petition be **DENIED**.

## BACKGROUND

On June 4, 1996, a jury convicted Petitioner of first degree murder in violation of California Penal Code section 187(a); he was subsequently sentenced to an indeterminate sentence of twenty-five years to life. [*Lodgment No. 1*, 1.] Petitioner is in the custody of the California Department of Corrections, and is currently housed at the Correctional Training Facility in Soledad, California. On

1  July 25, 2005, Petitioner was incarcerated at R. J. Donovan Correctional Facility ("RJDCF") in San
2  Diego, California. [*Lodgment No. 2*, 1.] On that date, a correctional officer assigned to Petitioner's
3  housing unit at RJDCF observed Petitioner and another inmate engaged in a physical altercation in the
4  prison yard. [*Lodgment No. 3*, 1.] All inmates in the yard at the time were ordered to stand down; all
5  complied with the instructions except for Petitioner and his fellow combatant, who continued to fight
6  until apprehended by the responding correctional officers. [*Id.*] One of the officers discovered a pair of
7  straightened tweezers on the ground near the location of the fight. The inmate with whom Petitioner had
8  been fighting was bleeding from his face, and medical examination revealed a laceration to the bridge of
9  his nose. [*Id.*] Petitioner sustained minor abrasions as a result of the altercation. Subsequent to
10 receiving medical treatment, both inmates were transferred to administrative segregation. [*Id.*]

11 RJDCF officials issued a CDC-115 Serious Rules Violation Report against Petitioner, charging
12 him with "battery on another inmate with a weapon."[1] (Cal.Code Regs., tit. 15, § 3005, subd. (c); *see*
13 *Lodgment No. 2*, 1.) On October 23, 2005, a disciplinary hearing was conducted by the senior hearing
14 officer. Petitioner appeared at the hearing, and did not request any witnesses on his behalf. [*Lodgment*
15 *No. 2*, 1.] He pled not guilty to the charge, arguing that he did not use a weapon and had fought only to
16 defend himself. [*Id.*] The hearing officer determined that the evidence was insufficient to support a
17 finding of guilty as to the battery with a weapon charge, since no eyewitnesses could corroborate the
18 events. However, the officer found that Petitioner's own admission that he had been fighting in order to
19 defend himself was sufficient to support a finding that a physical altercation had taken place, and
20 Petitioner was found guilty of the lesser offense of mutual combat without serious injury, a Division D
21 offense. [*Id.*] Additional evidence presented at the hearing included the disciplinary report, Petitioner's

---

[1] Section 3005 states:

(a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.

(b) Obeying Orders. Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees.

(c) Force or Violence. Inmates shall not willfully commit or assist another person in the commission of a violent injury to any person or persons, including self mutilation or attempted suicide, nor attempt or threaten the use of force or violence upon another person. Inmates shall not willfully attempt to incite others, either verbally or in writing, or by other deliberate action, to use force or violence upon another person.

1  statements prior to the hearing to the investigative officer, evidence of both inmates' injuries, and
2  statements in the Investigative Employee's report that witnesses saw Petitioner fighting with the other
3  inmate. [*Lodgment No. 4*, 3.] Despite the guilty finding, Petitioner suffered no loss of work-time credits
4  due to the expiration of the applicable statute of limitations. [*Lodgment No. 2*, 3; *Lodgment No. 3*, 1.]
5      On November 30, 2005, Petitioner challenged the disciplinary action by way of an
6  administrative appeal, arguing that he should not have been found guilty of the lesser offense because he
7  acted in self-defense. [*Lodgment No. 4*, 1.] Petitioner alleged that the hearing officer violated his due
8  process rights by failing to show a preponderance of the evidence to support the disposition of guilty of
9  mutual combat. [*Id*. at 2.] His appeal was found without merit and denied upon upper level review, thus
10 exhausting Petitioner's administrative remedies. [*Id*.] Petitioner then sought habeas relief in San Diego
11 Superior Court, raising the same due process claim that he alleged in his administrative appeal and that
12 he raises in his current federal petition. [*Lodgment No. 5*.] The superior court denied the petition,
13 applying the "some evidence" standard of judicial review and concluding that some evidence existed to
14 support the mutual combat guilty finding. [*Lodgment No. 6*, 2.] Specifically, the court noted that
15 Petitioner had admitted to engaging in an altercation, and determined that no violation of due process
16 occurred. [*Id*. at 3.] Petitioner then sought habeas relief in the California Court of Appeal, raising the
17 identical due process claim. [*Lodgment No. 7*.] The appellate court denied the petition, applying the
18 some evidence standard of review and finding that Petitioner's own admission of guilt constituted some
19 evidence to support the finding that he engaged in mutual combat. [*Id*. at 2.] Finally, Petitioner sought
20 habeas relief in the California Supreme Court. [*Lodgment No. 9*.] His petition was denied without
21 comment on February 21, 2007. [*Lodgment No. 10*.]
22     On June 4, 2007, Petitioner filed the instant federal petition raising the same due process claim
23 and challenging the guilty finding of the disciplinary action. [*Petition*, 6.] Respondent filed an answer
24 to the petition, arguing that Petitioner fails to state or establish any grounds for habeas relief. [*Answer*,
25 3.] Petitioner filed a traverse, arguing that the evidence was insufficient to support his guilty finding.
26 [*Traverse*, 4.]
27 / / /
28 / / /

**DISCUSSION**

**I.     Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a prison disciplinary hearing.  At the time the petition was filed, Petitioner was housed at R. J. Donovan Correctional Center in San Diego, California, which is located within the jurisdiction of this Court.  28 U.S.C. §§ 2254(a), 2241(d).  If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. *Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990).

**II.    Legal Standard**

The provisions of the AEDPA apply to habeas petitioners challenging a prison disciplinary conviction. *See Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004).  Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002).  In deciding a state prisoner's habeas petition, a federal court is not called to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).  Additionally, the state court's factual determinations are presumed correct, and the petitioner carries the burden of rebutting this presumption with "clear and convincing evidence." 28 U.S.C.A. § 2254(e)(1).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently

than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Id.* Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id*. at 72.

### 1. *Clearly Established Federal Law in the Disciplinary Hearing Context*

Petitioner contends the results of his disciplinary hearing were obtained in violation of his due process rights as guaranteed by the Fourteenth Amendment. Specifically, Petitioner argues that his admission to having engaged in a physical altercation with another inmate cannot by itself constitute "some evidence" to support a finding that he committed the offense of mutual combat, particularly since he was acting in self defense, thereby mitigating any intent to harm. [*Petition*, "Memorandum of Points and Authorities in Support," 13-15.]

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. *Id*. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing Superintendent, etc. v. Hill*, 472 U.S. 445, 454-455 (1984). However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Hill*, 472 U.S. at 454; *Wolff*, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." *Hill*, 472

U.S. at 455, *citing United States ex rel. Vatauer v. Commissioner of Immigration*, 273 U.S. 103, 106 (1927). Petitioner does not argue that he was deprived of his procedural due process rights; he argues only that the decision was not supported by the evidence.

### 2. *Petitioner's Claim: Due Process Violation*

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state-court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Van Lynn v. Farmon*, 347 F.3d 735 (9th Cir. 2003). In this case, because the California Supreme Court denied Petitioner's claim without comment or citation to authority, this Court shall look to the state appellate court's decision. The appellate court denied Petitioner's claim, stating:

> "When reviewing a disciplinary decision by prison officials, a court will generally uphold the decision as long as there is some evidence to support it and the officials did not act without information, fraudulently, or on mere personal caprice. (See, e.g., *Superintendent v. Hill* (1985) 472 U.S. 445, 454-456; *In re Powell* (1988) 45 Cal.3d 894, 904; *In re Dikes* (2004) 121 Cal.App.4th 825, 829-831.) In this case, [Petitioner's] own admission provides some evidence to support the finding that he engaged in mutual combat."

[*Lodgment No. 8*, 2.] In its ruling, the state appellate court cited *Superintendent v. Hill* (1985) 472 U.S. 445, 454-456. The pertinent passage in *Hill* referred to provides:

> "We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced ...' *United States ex re. Vajtauer v. Commissioner of Immigration*, 273 U.S., at 106, 47 S.Ct. at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."

*Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Thus, in order for Petitioner to be entitled to habeas relief on his due process claim, he must show that the state court's finding pursuant to *Hill* of "some evidence" was either objectively unreasonable or was based on an unreasonable determination of the facts in light of the evidence presented.

Petitioner has failed to demonstrate that the state court opinion was based on an unreasonable determination of the facts within the meaning of § 2254(d)(2) because he has not rebutted the presumption of correctness afforded the factual findings made by the state court. The state court reviewed the evidence presented at the prison disciplinary hearing and upheld the findings in accordance

with the standards set forth in *Hill*, supra. As noted at the prison disciplinary hearing, Petitioner admitted he was involved in a fight with another inmate. Witnesses stated that they saw Petitioner and the inmate fighting. The inmate sustained injuries as a result of Petitioner physically fighting with him. The hearing officer relied on these facts in finding Petitioner guilty by a preponderance of the evidence. [*See Lodgment Nos. 2 & 3*.] Petitioner's self-defense claim could not refute this evidence because Section 3005(c) does not preclude a finding of guilt if the defense of mutual combat is asserted.

Accordingly, because the record indicates there is some evidence to support the disciplinary finding of guilt of mutual combat, the state court's adjudication of Petitioner's due process claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law. Petitioner is not entitled to habeas relief. Therefore, the Court **RECOMMENDS** that the petition be **DENIED**.

## CONCLUSION

Based on the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DENIED**. This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than *December 12, 2007*, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than *December 21, 2007*. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: November 9, 2007

Hon. Nita L. Stormes
U.S. Magistrate Judge