

1
2
3
4
5
6
7
8
9
10
11      UNITED STATES DISTRICT COURT
12     SOUTHERN DISTRICT OF CALIFORNIA
13

14  DAVID W. MARTIN,                          CASE NO. 07-CV-1022-W (NLS)
15                      Petitioner,           ORDER DENYING
16     v.                                     PETITION FOR WRIT OF
                                              HABEAS CORPUS
17  TILTON, et al.,                           UNDER 28 U.S.C. § 2254
18                      Respondents.
19

20       On June 4, 2007, Petitioner David W. Martin ("Petitioner"), a state prisoner
21  proceeding *pro se*, commenced this habeas corpus petition pursuant to 28 U.S.C.
22  § 2254. Petitioner is currently incarcerated at the Correctional Training Facility in
23  Soledad, California, and he challenges the result of a disciplinary proceeding that
24  occurred when he was housed at R. J. Donovan Correctional Facility ("RJDCF") in San
25  Diego, California. On November 9, 2007, United States Magistrate Judge Nita L.
26  Stormes issued a Report and Recommendation ("Report") recommending that the
27  Court deny Petitioner's habeas request. (Doc. No. 9.) On December 5, 2007,
28  Petitioner timely submitted Objections. (Doc. No. 10.) The Court decides the matter

on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1.(d.1). For the reasons outlined below, the Court **ADOPTS** the Report and **DENIES** the Petition.

### I.  BACKGROUND

On June 4, 1996, a jury convicted Petitioner of first degree murder in violation of California Penal Code section 187(a). (*Report* at 1; *Lodgment 1* at 1.) Petitioner subsequently received an indeterminate sentence of twenty-five years to life with the possibility of parole. (*Id.*) In this petition, however, Petitioner challenges neither his conviction nor his sentence. (*Report* at 1.) Instead, Petitioner argues that the result of an October 23, 2005 disciplinary hearing was obtained in violation of his due process rights. (*Id.*)

On July 25, 2005, when Petitioner was incarcerated at RJDCF, a correctional officer assigned to Petitioner's housing unit observed Petitioner and another inmate engaged in a physical altercation. (*Report* at 2.) Although officers ordered all inmates to stand down, Petitioner and his fellow combatant continued to fight until apprehended by correctional officers. (*Id.*) On the ground near the fight, one of the responding officers discovered "a modified pair of tweezers with blood on it." (*Lodgment 2* at 2.) As a result of the altercation, Petitioner "sustained abrasions/scratches to his facial area" and the inmate with whom Petitioner had been fighting had "bruises to his facial area, a cut/laceration to the bridge of his nose and swollen areas to both eyes." (*Lodgment 3* at 1.) Consequently, RJDCF officials issued a CDC-115 Serious Rules Violation Report against Petitioner and charged him with Battery On An Inmate with A Weapon.[1] (*Id.*)

On October 23, 2005, RJDCF's Senior Hearing Officer conducted a disciplinary hearing. (*Report* at 2.) Petitioner was present and did not request any witnesses on his behalf. (*Id.*) Petitioner pled not guilty and argued, "I didn't have a weapon, I just

---

[1] CAL. CODE REGS. tit. 15, §§ 3005, 3323 (2007).

fought to defend myself." (*Lodgment 2* at 1.) Although the hearing officer determined that there was insufficient evidence to support a finding of guilty regarding the battery with a weapon charge, the officer did find Petitioner guilty of a lesser offense of mutual combat without serious injury. (*Report* at 2.) In reaching this conclusion, the officer relied upon Petitioner's statement and stressed that Petitioner's own words "indicate[] that an altercation did take place." (*Lodgment 2* at 1.) Despite the guilty finding on the reduced offense, Petitioner suffered no loss of work-time credits due to the expiration of the applicable statute of limitations. (*Report* at 3.)

On November 30, 2005, Petitioner challenged the disciplinary action by way of an administrative appeal. (*Id.*) In his appeal, Petitioner argued that he should not have been found guilty of the lesser offense because he acted in self-defense. (*Id.*) Petitioner also contended that the hearing officer violated his due process rights by failing to show a preponderance of the evidence supporting a disposition of guilty. (*Id.*) Finding Petitioner's appeal meritless, upper level review denied his claim. (*Id.*) Petitioner thereby exhausted his administrative remedies. (*Id.*)

On May 19, 2006, Petitioner sought habeas relief in San Diego Superior Court and raised the same due process claim that he alleged in his administrative appeal. (*Lodgment 5* at 1; *Report* at 3.) In denying the petition, the superior court applied the "some evidence" standard of judicial review and concluded that some evidence existed to support the mutual combat guilty finding. (*Report* at 3.) On September 18, 2006, Petitioner sought habeas relief in the California Court of Appeal, once again raising the same due process claim. (*Lodgment 7* at 1; *Report* at 3.) The appellate court, which denied the petition, found that Petitioner's own admission of guilt satisfied the "some evidence" standard and supported a finding that Petitioner engaged in mutual combat. (*Report* at 3.) On February 2, 2007, Petitioner sought habeas relief in the California Supreme Court. (*Lodgment 9* at 1.) His petition was denied without comment on February 21, 2007. (Lodgment 10.)

On June 4, 2007, after exhausting all administrative and state remedies, Petitioner filed the instant federal petition. (*Report* at 3.) Petitioner raises the same due process claim and challenges the guilty finding of the disciplinary action. (*Id.*) Petitioner alleges a violation of his due process rights by arguing that the disciplinary hearing officer failed to demonstrate guilt by a preponderance of the evidence. (*Id.*) Petitioner argues that his actions, taken in self-defense, preclude a guilty finding. (*Id.*) On September 10, 2007, Respondent filed an answer to the petition, and on September 24, 2007, Petitioner filed a traverse. (Doc. Nos. 7, 8.) On November 9, 2007, Magistrate Judge Stormes recommended the Court deny Petitioner's habeas request. (*Report* at 1, 3.) On December 5, 2007, Petitioner timely submitted Objections. (*Objections* at 4.) The Court addresses these Objections in the Discussion below.

## II. LEGAL STANDARD

The duties of a district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a *de novo* determination of those portions of the report...to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Raddatz, 447 U.S. 667, 676 (1980); United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

Federal courts will conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See Delgado v. Lewis, 223 F. 3d 976, 982 (9th Cir. 2000). A state court decision is contrary to clearly established Supreme Court law if it (1) applies a rule that contradicts governing law set forth in Supreme Court cases, or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at the opposite result. Williams v. Taylor, 529

U.S. 362, 405 (2000). A state court decision is an unreasonable application of the facts "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case. Id. at 413.

### III. DISCUSSION

Having read and considered the underlying Petition, Report, and Objections thereto, the Court concludes that the Report presents a well-reasoned analysis of the issues raised in the Petition. For the following reasons, the Court finds that the Report correctly concluded that Petitioner is not entitled to federal habeas relief.

#### A. FINDING OF GUILTY IN PETITIONER'S DISCIPLINARY HEARING WAS NOT OBTAINED IN VIOLATION OF HIS DUE PROCESS RIGHTS

Petitioner contends that the result reached in his disciplinary hearing was obtained in violation of his due process rights as guaranteed by the Fourteenth Amendment. (*Report* at 5.) Petitioner asserts that the California Department of Corrections and Rehabilitation ("CDCR") violated his "civil and human rights" by not allowing for "[p]rotection from bodily harm" in its regulations.[2] (*Lodgment* 4 at 4;

---

[2] The relevant subsections of California Code of Regulations, title 15, section 3005 state:
    (a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.
    (b) Obeying Orders. Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees.
    (d) Force or Violence. Inmates shall not willfully commit or assist another person in the commission of a violent injury to any person or persons, including self mutilation or attempted suicide, nor attempt or threaten the use of force or violence upon another person. Inmates shall not willfully attempt to incite others, either verbally or in writing, or by other deliberate action, to use force or violence upon another person.
CAL. CODE REGS. tit. 15 § 3005 (2007).

*Lodgment 7* at 5.) Furthermore, Petitioner insists that because he was acting in self-defense, the CDCR could not have found him guilty of Mutual Combat Without Serious Injury by a preponderance of the evidence.[3] (*Lodgment 4* at 3.) Petitioner does not argue that he was deprived of his procedural due process rights regarding notice and the ability to call witnesses; he instead argues that the disciplinary hearing decision was not supported by the evidence. (*Report* at 6.)

Although prisoners cannot be entirely deprived of their constitutional rights, their rights may be diminished by the unique needs and particular objectives of the institutional environment. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) ("the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed."). Similarly, because "[p]rison disciplinary hearings are not part of a criminal prosecution...the full panoply of rights due a defendant in such proceedings does not apply." Id. However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires certain minimum standards.[4] See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985); Wolff, 418 U.S. at 563-67.

Although the Supreme Court in Wolff did not require "a specified quantum of evidence to support the factfinder's decision," the Court subsequently determined that "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by *some evidence* in the record." Superintendent, 472 U.S. at 454 (citation

---

[3] According to the California Penal Code, "[a]t the conclusion of the hearing the charge shall be dismissed if the facts do not support the charge, or the prisoner may be found guilty on the basis of a preponderance of the evidence." CAL. PENAL CODE § 2932(c)(5) (2000).

[4] In the instant case, Petitioner faced work-time credit forfeiture for his rules violation. However, it is worth noting that despite the guilty finding, Petitioner suffered no loss of work-time credits because the applicable statute of limitations expired. (*Report* at 3.)

omitted) (emphasis added). The Court elaborated that "the relevant question is where there is *any evidence in the record that could support the conclusion reached by the disciplinary board.*" Id. at 455-56 (emphasis added). Thus, it is not for the courts to determine whether the disciplinary board relied upon a preponderance of the evidence in reaching its finding. Instead, in order for Petitioner to be entitled to habeas relief on his due process claim, he must show that the state court's finding of "some evidence" was either objectively unreasonable or based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); Yarborough v. Gentry, 540 U.S. 1, 4 (2003).

Although Petitioner objects to the portion of the Report which states that he "failed to demonstrate that the state court opinion was based on an unreasonable determination of the facts," the Court finds that Petitioner has failed to show the unreasonableness of the state court's determination. (*Objections* at 2.) According to the record, a Housing Unit Control Officer observed Petitioner "engaged in what appeared to be mutual combat," the combatants "continued to fight until responding staff arrived," and both parties sustained injuries as a result of the altercation. (*Lodgment 3* at 1.) The Court is therefore satisfied that there was some evidence to support the disciplinary finding of Petitioner's guilt for the offense of Mutual Combat Without Serious Injury, and the Court also concludes that the state court's determination was reasonable.[5] Accordingly, the Court **ADOPTS** the Report, **OVERRULES** Petitioner's Objections, and **DENIES** Petitioner's due process claim.

///

///

---

[5] Examination of the incident report indicates that Petitioner's fellow combatant sustained "bruises to his facial area, a cut/laceration to the bridge of his nose and swollen areas to both eyes." (*Lodgment 3* at 1.) Accordingly, Petitioner was perhaps fortunate in being charged with Mutual Combat *Without* Serious Injury.

B.     **PETITIONER'S CLAIM OF SELF-DEFENSE DOES NOT NEGATE HIS ADMISSION THAT HE ENGAGED IN A PHYSICAL ALTERCATION**

Petitioner insists that because he "just fought to defend [himself]," he is therefore not guilty of mutual combat. (*Lodgment 7* at 4.) In support of this argument, Petitioner urges adherence to the definition of "mutual combat" found in Black's Law Dictionary.[6] (*Lodgment 4* at 3.) Petitioner also cites the California Civil Code, California Jury Instructions and relevant case law to corroborate his contention that he properly engaged in self-defense. (*Lodgment 4* at 3; *Objections* at 3.) Accordingly, in his Objections, Petitioner argues that the Magistrate Judge improperly concluded that Petitioner asserted a "defense of mutual combat" because Petitioner never "admitt[ed] to mutual combat." (*Objections* at 2-3; *Report* at 7.)

Despite the fact that the Supreme Court has not addressed the specific issue of whether prisoners have the right to self-defense or can rely on such a theory in disciplinary proceedings, the Court has "settled that a prison inmate 'retains those [constitutional] rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" Turner v. Safley, 482 U.S. 78, 95 (1987) (quoting Pell v. Procunier, 417 U.S. 817, 822 (1974)). Thus, it is a "familiar proposition that '[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Pell, 417 U.S. at 822 (citation omitted). Accordingly, although self-defense may constitute a complete defense in certain circumstances, several circuits have determined that, in the institutional setting, an inmate's actions are not given wholesale immunity simply because they were conducted in self-defense.

---

[6] Citing the 6th edition of Black's Law Dictionary, Petitioner stressed that mutual combat occurs only when "both parties enter willingly." (*Lodgment* 4 at 3.) Interestingly, the 8th edition of Black's Dictionary defines mutual combat as "[a] consensual fight on equal terms – arising from a moment of passion but not in self-defense – between two persons armed with deadly weapons." Black's Law Dictionary (8th ed. 2004).

See, e.g., Scruggs v. Jordan, 485 F.3d 934, 938-39 (7th Cir. 2007) (stressing that inmates do not have the substantive right to raise self-defense as a complete defense in prison disciplinary proceedings); Br own v. Wyoming Dept. of Corrections State Penetentiary Warden, 234 Fed. Appx. 874, 880 (10th Cir. 2007) ("this [self-defense] argument is simply another way to challenge the disciplinary committee's determination that [the inmate petitioner] committed the prohibited acts, and we have already concluded that a reasonable jurist would conclude that 'some evidence' supports that decision."); Kenney v. Barron, 239 Fed. Appx. 494 (11th Cir. 2007) (holding that prison officials' failure to disclose an investigative report concluding that inmate acted in self-defense did not violate inmate's du e process rights in prison disciplinary proceeding because the report's conclusion was based upon information considered by the hearing officer).

When the Seventh Circuit addressed the issue of whether prison inmates have a right to self-defense, the court concluded that the right to self-defense is not a fundamental constitutional right within the Due Process Clause, and the court held that "even a substantive due process right that has been clearly established in Fourteenth Amendment criminal jurisprudence may not necessarily apply to prison inmates in disciplinary proceedings." Rowe v. DeBruyn, 17 F.3d 1047, 1052-53 (7th Cir. 1994). In Rowe, the Seventh Circuit further asserted:

> A right that threatens to undermine prison discipline by encouraging inmates to combat violence with more violence subverts a core prison function of ensuring order and safety within the institution. Without disputing or passing on the primacy of the 'right' of self-defense in a criminal law context, we determine that in view of our deference to the administrative discretion of prison authorities, prisoners do not have a fundamental right to self-defense in disciplinary proceedings.

Id.

Even if, contrary to the aforementioned analysis, Petitioner has a constitutional

right to assert self-defense, the Supreme Court has determined that "[w]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89. Consequently, the validity of California Code of Regulations, title 17, section 3005 is not diminished simply because the text does not explicitly recognize the right of self-defense.[7] In short, limiting the scope of this right in the institutional setting is justified because allowing inmates to act in self-defense may simply beget more prison violence. Furthermore, because a defendant in a prison disciplinary proceeding does not enjoy "the full panoply of rights due a defendant" in a criminal proceeding, Petitioner's reliance on California Civil Code and California Jury Instructions is misplaced. See Wolff, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due defendants in such proceedings does not apply.").

In the instant case, Petitioner's self-defense claim was considered by the hearing officer and resulted in the reduction of the charge against Petitioner. (Lodgment 2 at 1.) In reaching this result, the hearing officer placed great emphasis on Petitioner's admission that he "fought" with another inmate. (Id.) Although Petitioner disagrees with the CDCR's reasoning and the state courts' conclusions, this Court does not decide whether it agrees with those decisions, only whether the state court decision was "objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 4 (2003). For the foregoing reasons, the Court finds that the record contains "some evidence" indicating mutual combat and thus Petitioner has failed to demonstrate that the state court's determination was objectively unreasonable. The Court therefore **ADOPTS** the Report, **OVERRULES** Petitioner's Objections, and **DENIES** Petitioner's self-defense

---

[7] Petitioner's reliance on Black's Law Dictionary, although resourceful, is not determinative.

1  claim.

2

3  IV.  CONCLUSION AND ORDER

4  In light of the foregoing, the Court **ADOPTS** the reasoning and findings contained in the Report and **OVERRULES** Petitioner's Objections. For the reasons stated in the Report, which is incorporated herein by reference, the Court **DENIES** Petitioner's § 2254 writ of habeas corpus. The Clerk of the Court shall close the district court file.

IT IS SO ORDERED.

DATE: February 14, 2008

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

CC: ALL PARTIES AND COUNSEL OF RECORD